```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                       RALEIGH DIVISION
```

| | |
|---|---|
| IN RE: | CASE NO. |
| MIDWAY AIRLINES CORPORATION, | 01-02319-5-ATS |
|     DEBTOR | |
| | |
| JOSEPH N. CALLAWAY, Chapter 7 Trustee for MIDWAY AIRLINES CORPORATION, | ADVERSARY PROCEEDING NO. S-05-00109-5-AP |
|     Plaintiff | |
|     v. | |
| FLEISCHMAN & WALSH, LLP, | |
|     Defendant. | |

### ORDER APPROVING COMPROMISE AND SETTLEMENT

Pending before the court is the motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve the compromise and settlement proposed by the chapter 7 trustee, Joseph N. Callaway, and claimant Fleischman & Walsh, LLP ("F&W"). An objection to the motion was filed by CIT Communications Finance Corporation ("CIT"), which like F&W is a chapter 11 administrative claimant. A hearing was held in Raleigh, North Carolina on November 29, 2005. For the reasons that follow, the motion will be allowed, and the trustee will be authorized to compromise and settle F&W's administrative claims.

This matter is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), and (O), which this court may hear and determine.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

Midway Airlines Corporation ("Midway") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 13, 2001. After an unsuccessful effort to reorganize and rehabilitate its business, the court converted the debtor's case to a case under chapter 7 of the Bankruptcy Code on October 30, 2003.  The trustee is the duly appointed and acting chapter 7 trustee for the debtor.

Fleischman & Walsh, LLP is a limited liability partnership located in Washington, D.C.  F&W provided legal services to the debtor as a chapter 11 professional beginning in September 2001.  Pursuant to interim fee applications and orders approving them, F&W was allowed and paid a chapter 11 administrative claim in the debtor's case in the amount of $99,856.19, which represents the full amount of its allowed administrative claim under 11 U.S.C. § 503(b)(4).

On June 9, 2005, the chapter 7 trustee filed a Complaint for Disgorgement of Professional Fees and Expenses against F&W.  The complaint stated that the trustee would not have sufficient funds to pay all chapter 11 administrative claims in full, and that F&W therefore should be required under 11 U.S.C. § 736(b) to disgorge the fees it received in order to share equally in a distribution on its claim with other chapter 11 administrative claimants.  F&W filed an

answer seeking to keep the fees.  F&W and the trustee subsequently entered into settlement negotiations, resulting in the  trustee's filing of the instant motion.  The proposed compromise and settlement requires F&W to pay $47,000 to the trustee, and to retain approximately $52,000 in full satisfaction of its almost $100,000 chapter 11 administrative claim.

CIT filed an objection to the motion on grounds that the compromise gives favorable treatment to F&W at the expense of other similarly situated chapter 11 administrative claimants, although 11 U.S.C. § 507(a) requires equal treatment of these claimants.  CIT argues further that F&W should be required to disgorge all fees and thereafter to share equally with other chapter 11 administrative claimants when final pro rata distributions are made.  The disgorgement issue raised by the trustee's complaint is not now  formally before the court for decision, though it is, practically speaking, a component of the court's consideration of the settlement itself.

The trustee anticipates that payouts to chapter 11 administrative claimants will be in a range of 20 to 40%, and his best, most specific estimate at this time is a 35% payout.  This estimate is subject to change depending on the outcome of litigation related to the administrative claim of ALPA, which currently is estimated at approximately $10 million.  The proposed compromise would allow F&W to retain approximately 53% of its chapter 11 administrative claim, or approximately $15,000 more than it likely would receive if the trustee

ultimately issues payouts at the anticipated 35%.  The amount currently at issue, therefore, is in the range of $15,000.

The trustee readily agrees that the relevant statutes do require equal treatment of similarly situated claimants, and that he could marshal a strong argument in support of the complaint seeking disgorgement of fees.  However, even if the trustee were to prevail in summary judgment litigation or at trial, and throughout a subsequent appeal by F&W, the trustee--and therefore the estate-- would enjoy only a Pyrrhic victory.  The estate would spend far more on litigation (with those expenses to be absorbed by *all* of the chapter 11 administrative claimants, not just CIT) than the $15,000 at issue in the proposed settlement.  CIT would be treated equally, which it cites as its motivating factor, but the end result would be an equally diminished payout for CIT and the other chapter 11 administrative claimants as well.

It is well-established that bankruptcy courts may, in the exercise of sound discretion, approve a settlement between a creditor and a trustee.  In re ASI Reactivation, Inc., 934 F.2d 1315, 1323 (4th Cir. 1991); St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003, 1010 (4th Cir. 1985); see also In re Thompson, 965 F.2d 1136, 1141 (1st Cir. 1992) ("Although a creditor has the right to object to a proposed compromise, objection will not preclude court approval.").  The settlement must be fair, equitable, reasonable under the circumstances, and in the best interests of the estate as a whole.  10 Collier on

Bankruptcy ¶ 9019.02 (15th ed. rev. 2005). The court must form an "educated estimate" of the costs and other circumstances of any likely litigation, and generally assess "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 1164 (1968); see also 10 Collier ¶ 9019.02 (discussing Anderson and other decisions generating the basic standards of reasonableness).

In this case, it appears that the trustee has a strong likelihood of success on the merits if F&W continues to oppose the trustee's complaint seeking disgorgement. However, F&W appears willing to commit more of its own time and legal resources to an energetic effort to retain the fees, if the alternative is full disgorgement. It would not be difficult to collect from F&W if the trustee ultimately did prevail, but the expense in reaching that point would far outpace the $15,000 at stake here, to say nothing of the attendant delays in the progress of the case. Thus, the trustee's likelihood of success is countered by the virtual certainty of the estate incurring litigation costs that exceed any savings realized by limiting F&W's payout to the currently estimated pro rata amount. Based on the court's familiarity with the issues in this case and the likely path the case will take if the settlement is not approved, it is abundantly clear that the proposed compromise and settlement are in the best interests of the estate. Further, though CIT cites the importance of equal treatment of all

chapter 11 administrative claimants, the court observes that no other creditor objected to the proposed compromise and settlement although all were given notice.  This suggests that other creditors similarly situated to CIT probably consider the settlement terms reasonable and fair under the circumstances, or at least consider its terms sufficiently satisfactory to forego any objection.

The court gives no weight to the fact that other, comparable settlements have previously been approved in this case.  The trustee must determine whether to seek approval of a compromise and settlement with a creditor based on the terms of each individual agreement and its value to the estate.  The court likewise assesses any proposed compromise and settlement on its own terms, and in light of the existing circumstances of the case.

The court concludes that the proposed compromise and settlement with F&W, which will enable F&W to retain approximately $15,000 more than it otherwise might if the currently projected payout actually occurs as projected, is extremely reasonable.  The Settlement Agreement, which is attached to the trustee's motion for approval of the compromise and settlement, appears to be fair, equitable, and to serve the best interests of the estate.  It is therefore **ORDERED** that the trustee is authorized to compromise the claim against F&W as set forth in the trustee's Motion to Approve

Trustee's Compromise and Settlement with Fleischman & Walsh, LLP and the Settlement Agreement attached thereto.

**SO ORDERED.**

DATED:  December 2, 2005

A. Thomas Small
United States Bankruptcy Judge